## WILLIAM FRIEND V. HELEN M. DUNKS.

*Civil Damage Law—Pleading—Evidence.*

Where a declaration sets forth causes of action in assumpsit and case, adding a single *ad damnum* clause "for the damages as aforesaid suffered," will not cure the misjoinder.

In an action of case for civil damages from the sale of liquor, it is inadmissible to show the amount of money spent at defendant's saloon.

A declaration under the Civil Damage Law will allow evidence of damages from farther degrading a man who was not temperate at the outset.

Under the Civil Damage Law, recovery cannot be had for the loss of a temperate husband when he had always been drunken.

Under the Civil Damage Law evidence is admissible that before the origin of the suit the drunkard had promised to let liquor alone, as it would tend to show his habits at the time.

Where a ruling upon evidence is wrong, it is nevertheless harmless unless testimony is given in accordance with it.

Error to Lenawee. Submitted Oct. 31. Decided Nov. 21.

TRESPASS ON THE CASE under the Civil Damage Law to recover money paid out for liquors by plaintiff's husband, and damages to plaintiff. Defendant brings error.

*Stacy & Underwood* for plaintiff in error.

*Walker & Weaver* and *Bean & Hadley* for defendant in error.

CAMPBELL, C. J.   This case is the same which came before us on a former trial and exceptions therein, reported in 37 Mich., 25.   After that decision, in which we held the declaration included a cause of action which was not admissible, an amendment was made . which it is now insisted obviated the difficulty.   The objection to the original declaration was that while the action was case to recover damages on account of injuries to a wife by the defendant's contributing to her husband's intoxication, it also included a claim for money paid to defendant for intoxicating liquor, which under the statute was recoverable in assumpsit for money had and received.

The declaration originally contained a double termination in damages, viz: $5000 for the money paid for liquors, and $5000 in addition for damages suffered.   The amendment consists in changing the *ad damnum* clause so as to make it read " wherefore plaintiff claims to recover of the said defendant for the damages as aforesaid suffered, the sum of five thousand dollars."  The causes of action set forth in the body of the declaration remain unchanged.

We can see no change in the legal effect of the declaration.   There can be but one award of damages on one declaration, and the *ad damnum* clause must be construed as referring to all the grievances set forth.   Our former decision was not based on the form of the *ad damnum* clause, but on the incongruity of the separate grievances and causes of action set forth in its body. We do not therefore deem it necessary to go over the same ground again.   This declaration seeks to recover in case in addition to personal damages, a money demand which could only be sued in assumpsit, and no testimony should have been received under it when. its duplicity was pointed out.

For the same reason we do not think it necessary to discuss the impropriety of receiving evidence of the amount of money spent at the defendant's saloon. It formed no element in the lawful ground of action sued upon, and its reception could not be harmless. Plaintiff below, in the present form of action, could not recover back what her husband spent, nor could she measure her losses by what he paid out to Friend for liquor or for other purposes. That sum could furnish no means of estimating the change in her domestic support caused by her husband's habits, and allowing it to be shown could not fail to lead the jury to consider it as an important element of recovery.

The sufficiency of the declaration to allow evidence of damage from the increased drunkenness of a man who was not a sober man at the date set forth as the beginning of defendant's misconduct was before us on the former hearing. We think it was not improper to cover such a case. Instructions to the jury would sufficiently apprise them not to give the wife damages for the loss of a sober husband, when she had only lost a drunken one.

We think evidence of the stipulation against drinking required and obtained of him by his partner on going into business had some tendency to show his habits at that time, and was admissible as an act *ante litem motam* of more or less significance.

Some other questions suggested on the argument become unimportant because of the imperfect manner in which the rulings excepted to are connected with any testimony actually given. Unless testimony is given in accordance with a wrong ruling, it can do no harm. We cannot tell what may have been given if not set forth.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.